**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM MANN,**

          **Plaintiff,**

**-vs-**                                        **Case No. 6:11-cv-1200-Orl-28DAB**

**AIRLINE PILOTS ASSOCIATION,**
**INTERNATIONAL, and AIRTRAN**
**AIRWAYS, INC.,**

          **Defendants.**

_____

## ORDER

Plaintiff, William Mann, formerly worked as a pilot for Defendant AirTran Airways, Inc. ("AirTran"). Defendant Airline Pilots Association, International ("ALPA") is a union that represents AirTran pilots pursuant to a collective bargaining agreement ("CBA"). Plaintiff has filed this action alleging that ALPA breached its duty of fair representation and that AirTran breached the CBA with regard to maintenance of a seniority list. The case is currently before the Court on the motions to dismiss (Docs. 29 & 30) filed by AirTran and ALPA.[1] As set forth below, the motions are denied.

---

[1] The pertinent filings are: (1) Defendant AirTran Airways, Inc.'s Motion to Dismiss Complaint With Prejudice (Doc. 29) and Plaintiff's Response (Doc. 34) thereto; and (2) Motion to Dismiss of Defendant Air Line Pilots Association, International (Doc. 30), Plaintiff's Response (Doc. 35) thereto, and the Reply (Doc. 40) filed by Defendant Air Line Pilots Association, International.

I. Background

Plaintiff alleges in the Complaint that he served as a pilot for AirTran until February 26, 2007—the day he turned sixty years old. (Compl. ¶ 6). Under the regulations of the Federal Aviation Administration ("FAA") that were in effect on that date, Plaintiff was required to stop serving as a pilot because he had turned sixty. (Id. ¶ 7). Accordingly, AirTran removed Plaintiff from his pilot position as well as from the CBA-required Master Seniority List ("MSL") at AirTran. (Id. ¶ 8). Plaintiff remained employed by AirTran as a line check airman, which Plaintiff alleges is a "required flight deck crew member" under the FAA regulations. (Id. ¶¶ 9-10). When Plaintiff was removed from his pilot position and from the MSL, his hourly rate was significantly reduced. (Id. ¶ 11).

Almost ten months later, on December 13, 2007, the FAA amended its regulations by raising the age limit for pilots from sixty to sixty-five years of age. (Id. ¶ 12). A week later, on December 20, 2007, the FAA issued an interpretation of its December 13 ruling, stating that airlines were not required to apply the amendment retroactively—that is, to return a pilot to his place on a seniority list—unless the pilot was a "required flight [deck] crewmember" who was employed by the airline on the date of the enactment. (Id. ¶ 13). Plaintiff alleges that although he was a required flight crewmember on the date of the enactment, AirTran did not return him to his place on the MSL. (Id. ¶ 14).

Plaintiff then requested that ALPA's predecessor, the National Pilot's Association ("NPA"),[2] take steps to compel AirTran to reinstate him on the MSL, (id. ¶ 16), and pursuant

---

[2] According to the Complaint, ALPA succeeded the NPA through a merger on April 28, 2009. (Compl. at 2 n.1).

to the terms of the CBA Plaintiff submitted a formal grievance to the NPA on February 20, 2009, (id. ¶ 17). The CBA requires that alleged violations or disputes arising under it be resolved through a grievance procedure that includes a board of adjustment and culminates in binding arbitration. (Id. ¶ 18). The NPA told Plaintiff that it would not represent him in the grievance process but that it would facilitate setting up a board of adjustment so he could provide his own attorney to represent him; Plaintiff agreed to provide his own counsel. (Id. ¶ 19).

After the NPA merged with ALPA, Plaintiff was told that ALPA would decide how to proceed. (Id. ¶ 20). However, ALPA never processed Plaintiff's grievance and never facilitated a board of adjustment. (Id. ¶ 21). Plaintiff alleges that ALPA, by its inaction, barred him from accessing a board of adjustment and acted in an arbitrary, discriminatory, and bad faith manner and never provided him with any meaningful assistance. (Id. ¶¶ 22-23).

Plaintiff alleges in Count I that ALPA breached its duty of fair representation and alleges in Count II that AirTran breached the CBA by failing to return him to the MSL. Both Defendants seek dismissal of the counts against them.

## II. Motion-to-Dismiss Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

In its motion to dismiss, ALPA presents a three-pronged attack on the Complaint. First, ALPA argues that Plaintiff filed this action well beyond the applicable six-month limitations period. Second, ALPA asserts that Plaintiff was no longer part of the collective bargaining unit in 2009 and that therefore it did not owe him a duty of fair representation. Lastly, ALPA contends that even if a duty had applied, its decision not to support Plaintiff's grievance would have been consistent with that duty.

AirTran argues in its motion to dismiss that if the claim against ALPA fails, the claim against AirTran also fails. Like ALPA, AirTran argues that Plaintiff's claims are time-barred by the six-month statute of limitations, and AirTran additionally contends that Plaintiff failed to exhaust his administrative remedies. Finally, AirTran asserts that Plaintiff was not a "required flight deck crew member" and thus was not entitled to reinstatement.

#### 1. Statute of Limitations

The parties agree that a six-month limitations period applies to Plaintiff's claim against ALPA. (See Doc. 30 at 9; Doc. 35 at 2). Defendants argue that Plaintiff failed to file his Complaint within six months of accrual of his claims. ALPA relies on a letter—attached to

its motion as an exhibit—dated June 17, 2009, in which ALPA advised Plaintiff that it would take no action on his behalf. AirTran argues that Plaintiff has alleged that the NPA refused to process his grievance and that this must have occurred prior to April 28, 2009, when ALPA succeeded the NPA.

"'A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.'" Arthur v. Thomas, No. 11-15548, 2012 WL 934385, at *9 n.9 (11th Cir. Mar. 21, 2012) (quoting Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008)). "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012). And, in ruling on a 12(b)(6) motion, a court may consider documents appended to the motion only if such documents are "central to the plaintiff's claim" and their "authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec. LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

Here, Plaintiff claims that he never received the letter relied upon by ALPA; thus, while the letter may be "central to the plaintiff's claim," its authenticity is not unchallenged. The Court cannot grant ALPA's motion to dismiss based on this letter or on statute of limitations grounds.

With regard to AirTran's argument that Plaintiff has alleged a claim accruing prior to April 2009, Plaintiff responds that he has not alleged that NPA refused to proceed with his grievance but instead alleges that the NPA opted not to represent him but advised him that

it would facilitate setting up a Board of Adjustment under the CBA grievance procedures. Plaintiff asserts that he filed suit only after numerous attempts to have the Board of Adjustment set up by ALPA, as successor to the NPA. Plaintiff contends that he learned of the futility of these attempts only within the six months prior to the filing of this suit. Because Plaintiff is not required to plead facts negating the running of the statute of limitations and because the expiration of the statute is not "apparent from the face of the complaint," AirTran's motion must also be denied insofar as it is based on the statute of limitations.

### 2. Membership in the Bargaining Unit

ALPA also argues that Plaintiff fails to state a claim for which relief can be granted because as of 2009 Plaintiff was no longer a member of the collective bargaining unit and ALPA's duty of representation does not extend to retirees. Plaintiff responds that he is not a retiree; instead, after he turned sixty, he remained employed by AirTran as a check airman. Plaintiff also avers that even if was a "retiree," he was still represented by ALPA.

Although ALPA contends that the bargaining unit only includes pilots and that Plaintiff ceased to be a pilot on February 26, 2007, the Court cannot discern the scope of the bargaining unit from the parties' submissions. Neither party has provided or cited any definition or description of the bargaining unit. Moreover, a cursory review of the CBA reveals some references to retired pilots—for example, it provides that "[a] pilot who retires from AirTran Airways will continue to be eligible to participate in . . . insurance programs." (CBA, Attach. to Compl., at 14-2). The Court cannot conclude at this stage of the case that Plaintiff was not within the collective bargaining unit during the events at issue.

### 3. Violation of Duty

ALPA next argues that even if it owed a duty of fair representation to Plaintiff, that duty does not require it to support every grievance. ALPA avers that Plaintiff has included the words "arbitrary, discriminatory, and bad faith" in the Complaint but does not allege arbitrary or even unreasonable actions by ALPA. ALPA also relies in part on the July 17, 2009 letter mentioned earlier, asserting that it explained its position therein and included a letter from a Congressman as to the effect of the Fair Treatment of Experienced Pilots Act ("FTEPA")—the statute that became effective on December 13, 2007. Plaintiff responds that by alleging that ALPA never processed or addressed the merits of his grievance he has sufficiently pleaded a breach of duty of fair representation.

The Court concludes that Plaintiff has sufficiently alleged a breach of the duty of fair representation by ALPA. He has alleged that ALPA failed to process his grievance and failed to assist him with setting up a Board of Adjustment. The determination of whether ALPA breached a duty to Plaintiff remains for a later stage of the case, but the Complaint contains sufficient allegations to survive ALPA's motion to dismiss. Morever, the Court will not rely on the disputed letter or its attachment in ruling on the motion to dismiss.

### 4. Exhaustion of Administrative Remedies

AirTran also argues that Plaintiff is barred from pursuing this case in court because he did not attempt to use the grievance procedures set forth in the CBA and thus did not exhaust his administrative remedies. Plaintiff responds that, as alleged in the Complaint, he attempted to pursue a grievance through the NPA and ALPA but they did not process his grievance and did not facilitate a system board of adjustment. Plaintiff has adequately alleged his pursuit of administrative remedies, and AirTran's motion to dismiss on this basis

will be denied.

### 5. Required Flight Deck Crew Member

AirTran's final argument is that Plaintiff was not entitled to reinstatement on the seniority list because he was not "a required flight deck crew member" as alleged in the Complaint. AirTran cites a regulation, 14 C.F.R. § 121.385, that provides in part that "[n]o certificate holder may operate an airplane with less than the minimum flight crew in the airworthiness certificate or the airplane Flight Manual approved for that type airplane" and that "[t]he minimum pilot crew is two pilots." AirTran has not explained what type of airplane is at issue or what the minimum flight crew for such an aircraft is. Citation to the regulation does not resolve the issue of the meaning of "required flight deck crew member," and Plaintiff notes that the FTEPA does not define the term.[3] AirTran's motion to dismiss on this basis is denied.

## IV. Conclusion

In sum, while Defendants might ultimately prevail on one or more of the arguments they make in their motions to dismiss, at this stage of the case the Court must confine its review to the face of the Complaint and undisputed documents attached thereto. In light of this limited scope, the motions to dismiss cannot be granted. Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 29) filed by Defendant AirTran Airways,

---

[3]One district court has at least suggested that a check airman is a "required flight deck crew member." See Emory v. United Air Lines, Inc., Civ. Action No. 08-2227 (RBW), 2011 WL 5024185, at *8 (D.D.C. Oct. 21, 2011) (noting that plaintiffs "had not been reassigned to another 'required flight deck crew member' position, such as a flight engineer or check airman"). The parties have not extensively briefed this point, and its resolution must await a later stage of the case.

Inc. and the Motion to Dismiss (Doc. 30) filed by Defendant Air Line Pilots Association, International, are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 26th day of April, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record